IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01766-MEH

MEGAN SOUCY,

    Plaintiff,

v.

NOVA GUIDES, INC.,

    Defendant.

---

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendant's Motion for Summary Judgment [filed May 28, 2015; docket #18]. The motion is fully briefed, and the Court finds that oral argument will not assist in its adjudication of the motion. Based on the record herein and for the reasons that follow, the Court **denies** the Defendant's motion.[1]

## BACKGROUND

### I. Procedural History

Plaintiff Megan Soucy ("Soucy") initiated this action on June 24, 2014, alleging essentially that Defendant Nova Guides, Inc. ("Nova") was negligent in causing her injuries when the all-terrain vehicle ("ATV") she was driving overturned during a trail ride. Complaint, docket #1. In response to the Complaint, Nova filed an Answer asserting 13 affirmative defenses, including "Plaintiff's claims may be barred or limited by contracts entered into by the parties." Answer, docket #7.

---

[1] On September 8, 2014, the parties consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c).

Thereafter, the Court held a Scheduling Conference on September 22, 2014 at which the Court set deadlines for discovery and the filing of dispositive motions. Dockets ## 12, 13. Discovery progressed and, well before the deadline, Nova filed the present motion for summary judgment arguing no triable issues exist as to whether Soucy contractually waived her claims in this action. *See* docket #18. Specifically, Nova contends that its Waiver of Liability is valid pursuant to Colorado law and the waiver is enforceable despite lacking Plaintiff's signature. *Id.*

Soucy counters that she was never presented with nor signed a Waiver of Liability before the July 11, 2012 tour during which she was injured. She argues that the July 9, 2012 waiver she signed before a Jeep tour did not apply to the July 11 ATV tour, since only the Jeep tour was referenced in the July 9 waiver. She further asserts that any release that may be construed as signed on her behalf by her mother is unenforceable. Finally, Soucy contends that any evidence of her intent is factually and legally irrelevant.

Nova replies arguing that Soucy's own testimony demonstrates she intended to be bound by the Waiver of Liability, despite its lack of her signature.

**II.     Findings of Fact**

The Court makes the following findings of fact viewed in the light most favorable to Soucy, who is the non-moving party in this matter.

1.     While vacationing in Vail, Colorado in July 2012, Soucy, her mother, and her sisters participated in a jeep tour on July 9, 2012 and an ATV tour on July 11, 2012, both guided by Ben Hilley of Nova Guides, Inc. Deposition of Megan Soucy, April 6, 2015 ("Soucy Depo"), 97: 20-25; 129: 12 - 130: 16, docket #19-1.

2.     Soucy was 20 years old in July 2012. *Id.*, 136: 23 - 137: 4.

3. Based on her past experience, Soucy understood she must typically execute a waiver of liability before engaging in activities such as "ATVing" and the "safari trip" (also referred to as the "Jeep tour"). *Id.*, 143: 13-20; 145: 16-20.

4. Prior to participating in the Jeep tour on July 9, 2012, Soucy signed a Lease Agreement and Waiver of Liability, on which a handwritten check mark appears next to "Jeep tour" as the type of tour selected (the other options are "ATV," "Mtn. Bike," and "Hiking"). *Id.*, 144: 4 -145: 7; *see also* Nova Guides Lease Agreement and Waiver of Liability, July 9, 2012, docket #19-2.

5. Nova's Waiver of Liability includes the following language:

> PARTICIPANT'S AGREEMENT TO ASSUME THE RISKS OF PERSONAL INJURY AND PROPERTY DAMAGE ASSOCIATED WITH MOUNTAIN BIKING, ALL TERRAIN VEHICLE RIDING, HIKING, AND JEEP TOURS AND TO RELEASE NOVA GUIDES, INC., ITS OFFICERS, DIRECTORS, EMPLOYEES AND AGENTS, THE U.S. FOREST SERVICE, AND THE U.S. GOVERNMENT FROM ANY AND ALL LIABILITY IN CONNECTION WITH MOUNTAIN BIKING, ALL TERRAIN VEHICLE RIDING, HUMMER AND JEEP TOURING ACTIVITIES.
> *THIS IS A RELEASE OF LIABILITY. PLEASE READ BEFORE SIGNING. DO NOT SIGN OR INITIAL THE RELEASE IF YOU DO NOT UNDERSTAND OR DO NOT AGREE WITH ITS TERMS.
> 1. I/We have asked to participate in the sports of mountain biking, all terrain vehicle riding, hiking, and jeep touring and related activities with Nova Guides, Inc. … I understand mountain biking, all terrain vehicle use, hiking and jeep touring also include the risk of falling from said vehicles. I understand that accidents or illness can occur in remote places without medical facilities. … I understand that route or activity, chosen as a part of our outdoor adventure may not be the safest, but has been chosen for its interest. I UNDERSTAND THAT THE ACTIVITIES OF MOUNTAIN BIKING, ALL TERRAIN VEHICLE RIDING, HIKING, JEEP TOURING, like all outdoor activities <u>involve the risk of contact with wild animals, falls, equipment failure, collisions and/or contact with manmade or natural objects and other riders and drivers which can result in personal injury, property damage and death.</u>
> 2. I expressly assume all risk of personal injury, death, and property damage set forth in paragraph 1 above which may result from my participation and my minor children's participation in mountain biking, all terrain vehicle riding, hiking, and jeep touring and waive any claims based on negligence or breach

3

> of warranty I might assert on my own behalf or on behalf of my minor children against Nova Guides, Inc., its officers, directors, agents and employees, the U.S. Forest Service, and the U.S. Government for personal injuries, death, and/or property damage sustained while participating in mountain biking activities, all terrain vehicle riding, hummer and jeep touring with Nova Guides, Inc.

Nova Guides Lease Agreement and Waiver of Liability, docket #19-2.

6.      Soucy recognized that operating an ATV involves a risk of injury. *Id.*; *see also* Soucy Depo, 154: 8-13.

7.      Prior to Soucy's and her family's participation in the ATV tour on July 11, 2012, Soucy's mother, Susan Pesot, completed and signed a Lease Agreement and Waiver of Liability, on which a handwritten check mark appears next to "ATV" as the type of tour selected. Deposition of Susan Pesot, April 7, 2015 ("Pesot Depo"), 92: 2 - 93: 7; *see also* Nova Guides Lease Agreement and Waiver of Liability, July 11, 2012, docket #19-3.

8.      Soucy did not sign the July 11, 2012 Waiver of Liability. *Id.*

9.      Pesot signed the waiver only on behalf of herself and her two minor children (Soucy's sisters). Pesot Depo, 92: 12-17. She listed Soucy and Soucy's other sister as participants on the ATV tour "because Ben told [her] to write down all the people who will be driving the vehicles." *Id.*, 93: 2-13.

10.     Pesot did not sign the waiver on behalf of Soucy, who was not a minor, nor asked Soucy to sign the waiver because "that was not [her] responsibility to have [Soucy] sign it." *Id.*, 92: 12-25, 93: 1.

11.     Also, Hilley did not ask Soucy to sign the waiver; however, Soucy would have signed the Waiver of Liability completed by Pesot on July 11, 2012, had it been presented to her by Hilley or Pesot and she were asked specifically to sign it. Soucy Depo, 215: 4-8 and 217: 7-15.

4

12. Soucy thought the Waiver of Liability she signed on July 9, 2012 "carried over" for the ATV tour in which she participated on July 11, 2012. *Id.*, 144: 4 - 145:14.

13. Soucy participated in the ATV tour on July 11, 2012. *Id.*, 171: 17-21.

## LEGAL STANDARDS

A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The moving party bears the initial responsibility of providing to the Court the factual basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002). Only admissible evidence may be considered when ruling on a motion for summary judgment. *World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985).

The non-moving party has the burden of showing there are issues of material fact to be determined. *Celotex*, 477 U.S. at 322. That is, if the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. Fed. R. Civ. P. 56(e);

*Scott v. Harris*, 550 U.S. 372, 380 (2007) ("[t]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.") (emphasis in original) (citation omitted); *see also Hysten v. Burlington Northern & Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002). These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). "The court views the record and draws all inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

## ANALYSIS

Here, it is undisputed that Soucy did not sign a form waiver of liability for the ATV tour guided by Nova on July 11, 2012. According to Soucy, that is the end of the story. However, Nova argues the lack of a signature on a written agreement "is not always necessary to create a binding agreement." Motion, docket #18 at 10. Nova contends that Colorado law allows consideration of the parties' intent in the formation of a contract. *Id.* Soucy counters that extrinsic evidence, such as the parties' intent, "is not admissible in a case where the court properly determines as a matter of law that an agreement is unambiguous." Response, docket #19 at 17. Soucy argues alternatively that, "whether the parties have entered a contract is a question of fact." *Id.* at 18.

The Court finds that, because Soucy does not challenge the validity and enforceability of Nova's waiver of liability, the question is not whether terms of a formal contract are ambiguous (since no formal contract exists between Soucy and Nova from July 11, 2012), but whether an agreement between Soucy and Nova was formed on July 11, 2012 before Soucy was injured on the tour.

Under Colorado law, contractual conditions may be express or implied. *Lane v. Urgitus*, 145 P.3d 672, 679 (Colo. 2006) (determining whether an agreement to arbitrate existed between the parties) (citing *Goodson v. Am. Standard Ins. Co.*, 89 P.3d 409, 414 (Colo. 2004)). When interpreting a contract, courts consider "the facts and circumstances attending its execution, so as to learn the intentions of the parties." *Id.* (quoting *Eisenhart v. Denver*, 27 Colo. App. 470, 478, (1915), *aff'd*, 64 Colo. 141 (1918)). "In contractual settings, [courts] can look to the circumstances surrounding the contract's formation in construing the contract, in order to carry out the intent of the contracting parties." *Id.* (citing *Lazy Dog Ranch v. Telluray Ranch Corp.*, 965 P.2d 1229, 1235 (Colo. 1998)); *see also James H. Moore & Assocs. Realty, Inc. v. Arrowhead at Vail*, 892 P.2d 367, 372 (Colo. App. 1994) ("Generally, whether a contract exists is a question of fact to be determined by all of the surrounding circumstances.").

Whether the parties to an oral agreement become bound prior to the drafting and execution of a contemplated formal writing is a question largely of intent on their part. *Mohler v. Park Cnty. Sch. Dist. RE-2*, 515 P.2d 112, 114 (Colo. App. 1973). "That intent can be inferred from their actions and may be determined by their conduct prior to the time the controversy arose." *Id.* (citing *Coulter v. Anderson*, 357 P.2d 76 (Colo. 1960)); *see also Moore*, 892 P.2d at 372.

"A release [of liability] is an agreement to which the general rules of interpretation and construction apply." *Squires v. Breckenridge Outdoor Educ. Ctr.*, 715 F.3d 867, 878 (10th Cir.

2013). In *Squires*, the court analyzed extrinsic evidence including a letter and the plaintiff's statements of belief to determine whether a waiver of liability was procured through fraudulent inducement. *Id.* at 878-79.

Here, in response to questions by Nova's counsel, Soucy testified during her deposition that:

- Based on her past experience, she understood she must typically execute a waiver of liability before engaging in activities such as "ATVing" and the "Jeep tour";

- Prior to participating in the Jeep tour on July 9, 2012, she signed a Nova Guides Lease Agreement and Waiver of Liability;

- She recognized that operating an ATV involves a risk of injury;

- She did not sign an identical form Waiver of Liability prior to participating in the ATV tour on July 11, 2012;

- She would have signed the Waiver of Liability completed by her mother on July 11, 2012, had it been presented to her by Hilley or her mother and she were asked specifically to sign it; and

- She thought the Waiver of Liability she signed on July 9, 2012 "carried over" for the ATV tour in which she participated on July 11, 2012.

While Soucy's counsel asked her questions during the deposition, his questions did not concern any waiver of liability. Soucy Depo, 254: 9 - 255: 17. In addition, Soucy did not provide an affidavit or other testimony in response to the present motion. Nova argues that "the clear, undisputed evidence from plaintiff's own testimony is that she intended to assent and be bound by Nova Guide's Waiver of Liability when she participated in the July 11, 2012 ATV tour." Reply, docket #22 at 5. The Court must agree.

At her deposition, Soucy confirmed not only that she understood the concept of a waiver of liability, but also that she was familiar with such a document, as she had executed waivers in the past.

> Q. Are you familiar with the concept of a waiver of liability?
>
> A. Yes.
>
> Q. Have you executed those type of documents in certain situations where you wanted to do an activity and it required a waiver?
>
> A. Yes, yes.

Soucy Depo, 125: 1-7.  Moreover, with respect to the tours with Nova in July 2012, Soucy testified that, had a waiver of liability been presented to her on July 11, 2012, she would have signed it. *Id.*, 215: 4-8 and 217: 7-15.  In fact, Soucy attested that she believed the waiver of liability she executed on July 9, 2012 for the Jeep tour carried over for her participation in the July 11, 2012 ATV tour.

> Q. -- did you understand before engaging in an activity such as ATV'ing, that you would typically execute a waiver of liability?
> ...
>
> THE WITNESS: Yes.
>
> Q. So that's something you were familiar with. Did you at the time think that that was the document that he gave your mother?
> ...
>
> A. I think, actually, the day before, when we got on that thing, Melissa and I filled something out.
>
> Q. So you think that when you kind of took the safari trip --
>
> A. Right.
>
> Q. -- where you were in a vehicle, that you actually filled something out?
>
> A. We may have, yeah.
>
> Q. You, yourself, as opposed to your mother?
>
> A. Yes.
>
> Q. Did you read it?
>
> A. I don't remember.

9

> Q. Do you remember what it was or what it said?
>
> A. No.
>
> Q. And when you say "we," do you mean you and all your sisters?
>
> A. Melissa and I, separate from my mom.
>
> Q. Did your mother also execute a document on the safari trip?
>
> A. I believe so.
>
> Q. And did Mr. Hilley, on the safari trip, explain what you were executing?
>
> A. I don't remember.
>
> Q. Did you at the time think it was a waiver of liability?
>
> A. Yeah. I think-- and that's why when we were in the car the next day, I just thought that kind of carried over or something.
>
> Q. So when you were in the bus, going to do the ATV tour, you thought that what you had signed the day before carried over?
> ...
>
> THE WITNESS: Right.
> ...
>
> Q. But you generally understood that with respect to these type of activities, you did need to execute a waiver of liability?
> ...
>
> THE WITNESS: Yes.

Soucy Depo, 143: 16 - 145: 20. Importantly, Soucy then participated in the ATV tour on July 11, 2012, which presumes that Soucy paid the required fee and Nova performed the requested service of guiding the tour. Soucy's testimony does not appear to be vague. She assents to the proposition that she believed a waiver of liability she actually signed relating to one activity applied to another activity as well. She does not attempt to contradict that sworn testimony, so it was uncontroverted.

Accordingly, the Court concludes it is not disputed that Soucy paid for a commercial service,

willingly received that service, and believed the waiver she signed on July 9, 2012 – in which she "assume[d] the risk of personal injury, death, and property damage ... which may result from [her] participation ... in  ... all terrain vehicle riding" and waived "any claims based on negligence or breach of warranty [she] might assert on [her] own behalf ... against Nova Guides, Inc." – was valid and necessary for her participation in the ATV tour on July 11, 2012.

However, an agreement requires intent to be bound by *all* parties.  "A contract implied in fact arises from the parties' conduct that evidences a *mutual* intention to enter into a contract, and such a contract has the same legal effect as an express contract. ... [thus, t]o be enforceable, a contract requires *mutual* assent to an exchange for legal consideration." *Winter v. Indus. Claims Appeals Office*, 321 P.3d 609, 614 (Colo. App. 2013) (citations omitted) (emphasis added).  Nova has proffered no evidence of its intention that Soucy be bound by an agreement to waive liability for the ATV tour on July 11, 2012; that is, nothing in the record demonstrates that either Hilley or any Nova personnel asked Soucy to execute or otherwise agree to a waiver for that tour, either by verbally asking her or by presenting her with a written agreement.  Nor has Nova provided any affidavit evidencing, or even an argument by Nova concerning, its intent for this verbal agreement.  Under the circumstances presented here, the Court will not infer such intention.  *See Celotex Corp.*, 477 U.S. at 323 (the moving party bears the initial responsibility of providing to the court the factual basis for its motion).

Accordingly, a genuine issue of material fact exists as to whether an agreement was formed by both parties on July 11, 2012 before Soucy participated in the ATV tour and, thus, summary judgment is improper.

## **CONCLUSION**

Soucy's deposition testimony reflects her conduct, beliefs and intent regarding whether she

agreed to waive Nova's liability for any negligence claims resulting from the ATV tour on July 11, 2012. No genuine issues of material fact arise from this testimony or any other evidence provided by Soucy as to whether her assent to such agreement existed. The Court must conclude, then, that the evidence demonstrates Soucy's agreement to waive Nova's liability for the injuries she suffered on July 11, 2012.

However, for an oral agreement to be enforceable, there must be mutual assent from both parties. The evidence proffered by the parties does not show that Nova intended to be bound by an agreement with Soucy to waive liability for the ATV tour on July 11, 2012. Because an issue as to this material fact exists, the Defendant's Motion for Summary Judgment [filed May 28, 2015; docket #18] is **denied**.

Entered and dated at Denver, Colorado, this 20th day of July, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge