IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01766-MEH

MEGAN SOUCY,

      Plaintiff,

v.

NOVA GUIDES, INC.,

      Defendant.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

      Before the Court are Defendant Nova Guides, Inc.'s ("Nova") Second Motion for Summary Judgment [filed July 23, 2015; docket #24] and Plaintiff Megan Soucy's ("Soucy") Motion to Strike Defendant's Second Motion for Summary Judgment or, in the Alternative, Strike the Affidavit of Steve Pittel [filed August 6, 2015; docket #25]. The motions are fully briefed, and the Court finds that oral argument will not assist in its adjudication of the motions.[1]

      Because Soucy's motion is based on alleged procedural deficiencies, the Court will address it first.

## MOTION TO STRIKE

      On July 20, 2015, this Court denied Nova's original motion for summary judgment finding that, although the evidence demonstrated Soucy's agreement to waive Nova's liability for the injuries she suffered on July 11, 2012, there was a lack of evidence showing that Nova intended to

---

[1]On September 8, 2014, the parties consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c).

be bound by an agreement with Soucy to waive liability for the ATV tour on July 11, 2012.  Docket #23.

In the present motion, Soucy seeks an order striking Nova's *second* motion for summary judgment asserting it is based on the same arguments and facts raised in Nova's original motion. Nova counters that its second motion is based on a new factual assertion – namely, that it intended to be bound with Soucy to a waiver of liability on July 11, 2012 – which was neither raised nor argued in its original motion.  Further, Nova contends that Fed. R. Civ. P. 56(e)(1) permits the Court to provide Nova "an opportunity to properly support or address the fact."  Although provided the opportunity to do so, Soucy did not file a reply brief in support of her motion.

In its original motion for summary judgment, Nova argued that its written waiver of liability was valid and enforceable, and that even if the waiver was not signed, the evidence demonstrated Soucy intended to waive Nova's liability on July 11, 2012.  *See* docket #18.  Soucy is correct that Nova argued "[mutual] assent may just as well be shown by the intent and conduct of the parties" and, further, Nova implied that it assented to Soucy's waiver by its general requirement for participants to agree to waive Nova's liability prior to participation in its tours.  However, the case Plaintiff cites for her proposition that a "defendant is not permitted by law to seek summary judgment twice on the same or similar arguments in the same case" (docket #25 at 3), *United States v. Goodman*, No. 11-cv-00274-RBJ-MEH, 2012 WL 3155824, at *7 (D. Colo. Aug. 2, 2012), is distinguishable in that it involved a plaintiff who attempted to raise the very same arguments in a second motion that were already resolved by an order on his previous motion.  Conversely, in its original motion here, Nova did not support with any argument or facts the assertion that it assented to a waiver of liability by Soucy on July 11, 2012, and the Court did not resolve the question of

2

Nova's assent.

Notably, where a motion for summary judgment is improperly supported, Rule 56(e)(1) allows a court to grant the moving party an opportunity to provide proper support. Fed. R. Civ. P. 56(e)(1). ("If a party fails to properly support an assertion of fact [ ] as required by Rule 56(c), the court may [ ] give an opportunity to properly support or address the fact"). The guidance of the 2010 Advisory Committee Note to Rule 56(e) states that, under subdivision (e)(1), "afford[ing] an opportunity to properly support or address [a] fact" is "in many circumstances . . . the court's preferred first step." Fed. R. Civ. P. 56(e) advisory committee's note to 2010 amendment; *see also id.* (noting that with respect to Subdivision (e)(4) "[t]he choice among possible orders should be designed to encourage proper presentation of the record.").

Nova contends that it did not raise the issue of its assent to the waiver in its original motion for summary judgment because it "assumed" its intent to be bound to a waiver agreement "would be considered a judicial admission" since it "pled the existence of a binding waiver contract entered into by the parties in its Answer." Docket #29 at 2-3. The Court rejects this argument for two reasons: (1) it is incorrect (a simple factual allegation made in a pleading is not automatically deemed a judicial admission); and (2) it is irrelevant (Nova raised the argument that Soucy waived its liability *without* the existence of the written agreement). Nevertheless, in an effort to "encourage proper presentation of the record ," the Court finds that Nova should be permitted an opportunity to support its assertion that Nova intended to be bound with Soucy to a waiver agreement on July 11, 2012.

In light of the requirements of Rule 56(e)(1) and this Court's findings, the Court also concludes that Nova's second motion for summary judgment should not be construed as a motion

for reconsideration. As such, the Court will not strike Steve Pittel's affidavit on this basis.

Consequently, the Court denies Plaintiff's motion to strike.

## SECOND MOTION FOR SUMMARY JUDGMENT

The only question raised by Nova's second motion for summary judgment is whether Nova demonstrates no genuine issue of material fact as to whether it intended to be bound by an agreement to waive liability with Soucy on July 11, 2012. As set forth above, the Court has already found that Soucy agreed to be bound by a waiver of liability on July 11, 2012 despite the non-existence of a written agreement.

## I.    Background

The background and procedural history of this case were set forth in this Court's recent June 20, 2015 order and need not be repeated here. *See* docket #23. Since that time, the only proceedings in this case have been the filing and briefing of the present motions.

## II.    Findings of Fact

Unless otherwise noted, the findings of fact made in the Court's June 20, 2015 order are incorporated by reference here. The Court makes the following additional findings of fact viewed in the light most favorable to Soucy, who is the non-moving party in this matter.

1.      It is Nova's practice and procedure that all participants agree to a waiver of liability before they are permitted to participate in a guided ATV tour. Affidavit of Steve Pittel, July 22, 2015 ("Pittel Affidavit"), ¶ 2, docket #24-1.

2.      Due to the risks involved with riding ATVs, Nova believes a waiver of liability is necessary to be able to offer these services. *Id.*

3.      Nova's practice is to provide a form Lease Agreement and Waiver of Liability to ATV tour

participants prior to the commencement of the tour and to ask that all participants who are 18 years or older sign the agreement.  This practice is typically carried out by the groups' tour guide or office staff.  *Id.*, ¶ 3.

4.      Nova's undated Employee Manual instructs its employees, "Have guests fill out waivers in the van," and "It is imperative to make sure the guests are filling out the waivers PROPERLY."  Docket #24-1 at 14 (emphasis in original).

5.      Nova's Lease Agreement and Waiver of Liability has a place for each adult participant to print his or her name and sign the form.  Docket #24-1 at 17.

## LEGAL STANDARDS

A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003).  The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  A fact is material if it might affect the outcome of the suit under the governing substantive law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The moving party bears the initial responsibility of providing to the Court the factual basis for its motion.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial."  *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002).  Only admissible evidence may be considered when ruling on a motion for summary judgment.  *World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir.

1985).

The non-moving party has the burden of showing there are issues of material fact to be determined. *Celotex*, 477 U.S. at 322. That is, if the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. Fed. R. Civ. P. 56(e); *Scott v. Harris*, 550 U.S. 372, 380 (2007) ("[t]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.") (emphasis in original) (citation omitted); *see also Hysten v. Burlington Northern & Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002). These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). "The court views the record and draws all inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

## ANALYSIS

Nova argues that summary judgment in its favor is proper based on an affidavit from one of its owners asserting that waivers of liability are required from each ATV tour participant. Nova also contends that, based on its practice and procedure for providing a form waiver to tour participants

6

for signature, Nova demonstrates its intent to be bound by the waiver agreement with Soucy. Soucy counters essentially that Nova's evidence is insufficient to demonstrate as a matter of law that Nova intended to be bound to a waiver agreement with her on July 11, 2012. For the reasons that follow, the Court agrees with Soucy.

Under Colorado law, contractual conditions may be express or implied. *Lane v. Urgitus*, 145 P.3d 672, 679 (Colo. 2006) (determining whether an agreement to arbitrate existed between the parties) (citing *Goodson v. Am. Standard Ins. Co.*, 89 P.3d 409, 414 (Colo. 2004)). When interpreting a contract, courts consider "the facts and circumstances attending its execution, so as to learn the intentions of the parties." *Id.* (quoting *Eisenhart v. Denver*, 27 Colo. App. 470, 478, (1915), *aff'd*, 64 Colo. 141 (1918)). "In contractual settings, [courts] can look to the circumstances surrounding the contract's formation in construing the contract, in order to carry out the intent of the contracting parties." *Id.* (citing *Lazy Dog Ranch v. Telluray Ranch Corp.*, 965 P.2d 1229, 1235 (Colo. 1998)); *see also James H. Moore & Assocs. Realty, Inc. v. Arrowhead at Vail*, 892 P.2d 367, 372 (Colo. App. 1994) ("Generally, whether a contract exists is a question of fact to be determined by all of the surrounding circumstances.").

Whether the parties to an oral agreement become bound prior to the drafting and execution of a contemplated formal writing is a question largely of intent on their part. *Mohler v. Park Cnty. Sch. Dist. RE-2*, 515 P.2d 112, 114 (Colo. App. 1973). "That intent can be inferred from their actions and may be determined by their conduct prior to the time the controversy arose." *Id.* (citing *Coulter v. Anderson*, 357 P.2d 76 (Colo. 1960)); *see also Moore*, 892 P.2d at 372.

"A release [of liability] is an agreement to which the general rules of interpretation and construction apply." *Squires v. Breckenridge Outdoor Educ. Ctr.*, 715 F.3d 867, 878 (10th Cir. 2013). In *Squires*, the court analyzed extrinsic evidence including a letter and the plaintiff's

statements of belief to determine whether a waiver of liability was procured through fraudulent inducement.  *Id.* at 878-79.

Here, to support its position, Nova proffers a declaration and the deposition testimony of Steve Pittel, an owner of Nova Guides, Inc.  Pittel attests that it was the practice of Nova to provide all tour participants with a form Lease Agreement and Waiver of Liability and have them sign it before they participated in each tour.  Pittel Affidavit, ¶ 3.  It is undisputed that on July 11, 2012 before an ATV tour, the form was provided to Soucy's mother, Susan Pesot, who printed the names of her children on the form and signed the form for herself and her minor children.  *See* Lease Agreement and Waiver of Liability, docket #24-1 at 17; *see also* Deposition of Susan Pesot, April 7, 2015 ("Pesot Depo"), 92: 12-17, docket #19-4.  Pittel asserts "It is my belief that guide Ben Hilley thought the 'signature' next to Ms. Soucy's printed name was her signature, but closer review indicates the 'signature' next to her printed name was Georgia Pesot's printed name."  Pittel Affidavit, ¶ 4.  Because Pittel had no personal knowledge of what Hilley thought, said or did on July 11, 2012, this is pure speculation and improper testimony.  *See* Deposition of Steve Pittel, March 18, 2015 ("Pittel Depo"), 72: 11 - 73: 11; *see also People v. Hernandez & Assocs., Inc.*, 736 P.2d 1238, 1240 (Colo. App. 1986) ("affidavits based upon inadmissible hearsay are insufficient to support summary judgment"), *cited with approval in Henderson v. Master Klean Janitorial, Inc.*, 70 P.3d 612, 618 (Colo. App. 2003).  Nova provided no testimony from Hilley nor any documents indicating what he thought, said, or did on July 11, 2012.

Consequently, the Court is left with evidence of Nova's "practice" of requiring its tour participants to sign a waiver of liability before a tour commences.  Ultimately, this may be enough to convince a jury; however, because there is no evidence presented here indicating that Hilley, or anyone at Nova, took any action on July 11, 2012 to obtain a waiver of liability from Soucy,

including asking her directly or presenting a form waiver to Soucy (who was of legal age), the

evidence is insufficient to demonstrate that no genuine issues of material fact exist.  In fact, Soucy

testified that Hilley never asked her for or presented her with a waiver of liability.

> Q. ... You understood that Mr. Hilley was saying that the document on the clipboard
> had to be filled out before the ATV tour could go forward, correct?
>
> A. Yes. He handed the document to my mother.
>
> Q. And from your perspective, did you understand that your mother was filling that
> out on behalf of herself, you, and your sisters?
>
> A. No.
>
> Q. What did you think she was doing?
>
> A. Filling it out for my two younger sisters.
>
> Q. And why do you think she was not filling it out for you?
>
> A. Because Ben made a comment, saying like, fill this out for the younger ones.
>
> Q. Did your mother ever give you the document?
>
> A. No.
>
> Q. Did you ask for the document?
>
> A. No.
>
> Q. Well, did you understand you needed to sign something, or did you believe your
> mother was doing that on your behalf?
>
> A. I believed that we were older and we didn't have to fill it out, because we were
> older. Those were my -- that was my understanding of what Ben had said and what
> was going on. And then I just stopped paying attention to what was going on.
>
> Q. Okay. So Mr. Hilley said something that led you to believe that because you were
> older, you didn't have to review the document or fill it out?
>
> A. Yes.

Deposition of Megan Soucy, 140: 22 - 142: 9 (objection omitted), docket #19-1.  Soucy's mother,

Susan Pesot, also testified concerning Hilley's conduct on July 11, 2012.

> Q. ... But you understood the nature of the document being a waiver of claims for liability against Nova Guides, correct?

> A. I understood this to be, yes, a waiver that I was signing for myself.

> Q. Did you believe that you were executing this waiver on behalf of your two children?

> A. Just my two younger ones. My two older ones are over 18. I don't know how the law is in Colorado, but if you're 18 in New Jersey, you sign your own waivers for everything.

> Q. And did Megan sign this?

> A. No.

> Q. How do you know?

> A. Because that's my handwriting.

> Q. Did you ask Megan to sign it?

> A. No.

> Q. Why not?

> A. Because it wasn't my responsibility to have her sign it.

> Q. All right. So your testimony is, you put her name down, but you didn't give the document to her to execute?

> A. I put her name down because Ben told me to write down all the people who will be driving the vehicles.

> Q. Okay.

> A. So I thought I was just listing the people who were driving, and the right side where it says Parent Guardian Signature, I thought I was signing for Georgia and Ella, where it says participant under 18, print name.

> Q. Okay.

> A. Participant — yeah.

10

Q. So you thought that you were releasing Nova Guides for any claim by you or Ella and Georgia?

A. Correct.

Q. But not releasing any claims on behalf of Melissa and Megan?

A. How could I do that? They're legal adults. You don't — I can't-- I can't sign a waiver for another adult.

Pesot Depo, 92: 4 - 93: 24, docket #19-4.  Soucy's and her mother's testimony are consistent in describing Hilley's failure to ask Soucy to waive Nova's liability and, thus, the testimony raises a genuine issue of material fact as to whether Hilley, on behalf of Nova, intended to be bound by a waiver agreement with Soucy on July 11, 2012.

Accordingly, because a genuine issue of material fact exists as to whether an agreement was formed by both parties on July 11, 2012 before Soucy participated in the ATV tour, summary judgment is improper.

## CONCLUSION

Soucy fails to rebut the provisions of Rule 56(e)(1) in permitting the moving party an opportunity to provide proper support for a factual assertion; thus, the Court **denies** Plaintiff Megan Soucy's ("Soucy") Motion to Strike Defendant's Second Motion for Summary Judgment or, in the Alternative, Strike the Affidavit of Steve Pittel [filed August 6, 2015; docket #25].

Furthermore, for an oral agreement to be enforceable, there must be mutual assent from both parties.  The evidence proffered by Nova fails to demonstrate no factual issues exist as to whether it intended to be bound by an agreement with Soucy to waive liability for the ATV tour on July 11, 2012.  Because an issue as to this material fact exists, Defendant Nova Guides, Inc.'s ("Nova") Second Motion for Summary Judgment [filed July 23, 2015; docket #24] is also **denied**.

Entered and dated at Denver, Colorado, this 21st day of September, 2015.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge